IN THE UNITED STATES SOUTHERN DISTRICT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND WILLIAMSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FOLEY, ALABAMA, et al,<br><br>    Defendants. | CIVIL ACTION NO.: CV-1:15-00430-WS-B |

## ANSWER

COME NOW the Defendants, City of Foley, Alabama, David Wilson and Otis Miller, and respond to the correspondingly numbered allegations of the Plaintiff's Complaint as follows:

1. Defendants admit that the Plaintiff is bringing this action pursuant to the code sections cited. Defendants expressly deny the factual support for the claims as alleged.

2. Defendants admit that the Plaintiff is seeking the relief requested. Defendants expressly deny the factual support for the relief being sought.

3. Defendants admit Plaintiff has brought this action pursuant to the Constitutional Amendments cited. Defendants expressly deny the factual support for this action.

4. Denied.

5. To the extent this allegation seeks to incorporate disputed factual allegations, the Defendants deny this allegation based upon the denial of the incorporated disputed facts.

### JURISDICTION AND VENUE

6. Defendants admit that the Plaintiff is invoking the jurisdiction of this Court pursuant to the statutes cited. Defendants expressly deny the factual support for the claims as alleged.

7. Defendants admit the venue is proper. Defendants expressly deny the factual support for the claims as alleged.

## PLAINTIFF

8. Upon information and belief, this allegation is admitted.

## DEFENDANTS

9. Admitted.

10. Defendants admit that David Wilson is Chief of Police for the City of Foley Police Department and that he has been sued in his official capacity. Defendants deny the remaining allegations as stated.

11. Defendants admit that Otis Miller is now a Lieutenant with the City of Foley Police Department and that he is being sued in his official and individual capacities. Defendants deny the remaining allegations as stated.

## STATEMENT OF FACTS

### Williamson Wants to Engage in Religious Expressive Activity

12. Upon information and belief, this allegation is admitted.

13. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

14. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

15. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

16. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

17. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

18. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

19. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

20. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

21. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

22. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

### **Williamson Enjoys Free Expression in Foley for Seven Years**

23. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

24. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

25. Defendants admit that Williamson sent a letter to the Assistant City Clerk of the City of Foley dated March 12, 2006. Said letter speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

26. Defendants admit attorney J. Casey Pipes sent a letter to Williamson dated May 31, 2006. Said letter speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

27. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

28. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

29. Defendants admit that Highway 59 is a five-lane highway travelling north and south and Highway 98 is a three-way highway going east and west which intersect in the center of Foley next to Heritage Park and a number of downtown shops. Defendants further admit that this area has a lot of passing vehicles. The remaining allegations of this paragraph are denied.

30. Defendants admit Williamson visited the intersection of Highway 59 and Highway 98 in downtown Foley. Any remaining allegations of this paragraph are denied.

31. Defendants admit Williamson preaches and members of his group also display signs. Any remaining allegations of this paragraph are denied.

32. Defendants admit officers have inquired whether Williamson obtained a permit. Without further factual delineation, the Defendants do not have sufficient information to admit or deny the remaining portions of this allegation as stated. Defendants have no information that the Plaintiff was ever threatened with arrest or arrested. The Defendants deny the remaining portions of this allegation.

**Williamson Encounters a Permit Issue About His Expression**

33. Defendants admit Lt. Miller approached Williamson on January 19, 2013. Any remaining allegations of this paragraph are denied for lack of sufficient knowledge or information.

34. Defendants are without sufficient knowledge or information to admit the truth of

4

the averments of this paragraph; therefore, the same are denied.

35. Defendants admit that Williamson stated to Lt. Miller that he had correspondence allowing him to demonstrate and that Williamson was not asked to disperse. Any remaining allegations of this paragraph are denied.

36. Defendants admit Williamson emailed Lt. Miller a letter on January 21, 2013 enclosing correspondence from Pipes dated May 31, 2006. Any remaining allegations of this paragraph are denied.

37. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

38. Defendants admit Lt. Miller spoke with Williamson on February 16, 2013 and inquired whether Williamson had obtained a permit. Any remaining allegations of this paragraph are denied.

39. Defendants admit that Lt. Miller allowed Williamson to continue his activity that day. The Defendants' deny the remaining portions of this allegation as stated.

40. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

41. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

42. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

43. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

44. Without further factual delineation, the Defendants do not have sufficient

information to admit or deny this allegation as stated; therefore, same is denied.

45.    Denied.

46.    Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

**Foley Passes Vague Permit Ordinance Intended to Cover Williamson's Expression**

47.    Defendants admit Williamson and a group of people were at the intersection of Highway 59 and Highway 98 in downtown Foley on April 12, 2014.  Any remaining allegations of this paragraph are denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Defendants admit Lieutenant Miller spoke with Williamson at the scene on April 12, 2014 and provided a copy of the ordinance to Williamson.  Any remaining allegations of this paragraph not specifically admitted herein are denied.

52.    The City of Foley's ordinance speaks for itself and is pled herein as if set forth *in extenso*.  Any remaining allegations of this paragraph are denied.

53.    The City of Foley's ordinance speaks for itself and is pled herein as if set forth *in extenso*.  Any remaining allegations of this paragraph are denied.

54.    The City of Foley's ordinance speaks for itself and is pled herein as if set forth *in extenso*.  Any remaining allegations of this paragraph are denied.

55.    The City of Foley's ordinance speaks for itself and is pled herein as if set forth *in extenso*.  Any remaining allegations of this paragraph are denied.

56. The City of Foley's ordinance speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

57. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

58. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

59. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

60. Defendants admit that Plaintiff requested Lt. Miller contact the Chief of Police. Any remaining allegations of this paragraph not specifically admitted are denied.

61. Defendants admit Lt. Miller contacted the Chief of Police. Any remaining allegations of this paragraph not specifically admitted are denied.

62. Defendants admit Williamson inquired if he could send some of his group home. Any remaining allegations of this paragraph not specifically admitted are denied.

63. Admitted.

64. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

65. Denied as stated.

66. Defendants admit Williamson and his group dispersed. Any remaining allegations of this paragraph not specifically admitted are denied.

67. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

68. Defendants are without sufficient knowledge or information to admit the truth of

the averments of this paragraph; therefore, the same are denied.

69. Defendants admit Attorney Jackson sent a letter to the Police Chief dated May 6, 2014. Said letter speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

70. Defendants admit Attorney Pipes sent a letter to Attorney Jackson dated May 14, 2014. Said letter speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

71. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

72. Defendants admit an officer spoke with Williamson and asked the group to remain ten (10) feet back from the right-of-way, stay out of the flowerbeds and not stand in the parking spaces. Any remaining allegations of this paragraph not specifically admitted are denied.

73. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

74. Defendants admit the officer did not inquire as to a permit. Any remaining allegations of this paragraph not specifically admitted are denied.

75. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

**Williamson Receives Criminal Citation for Speaking Without Permit**

76. Defendants admit Williamson returned on August 14, 2014 to Foley. Any remaining allegations of this paragraph not specifically admitted are denied.

77. Defendants are without sufficient knowledge or information to admit the truth of

the averments of this paragraph; therefore, the same are denied.

78. Defendants admit Lt. Miller inquired whether Williamson had obtained a permit and that Williamson responded he did not have a permit. Any remaining allegations of this paragraph are denied.

79. Denied as stated. However, a video with audio of this interaction was filed with the Plaintiff's Motion for Preliminary Injunction and conveys the conversation.

80. Defendants admit Williamson requested to speak to a supervisor. Any remaining allegations of this paragraph are denied.

81. Defendants admit Lt. Miller stated he was the supervisor at that time and had emailed Chief and command as to whether Williamson and his group could continue. Any remaining allegations of this paragraph are denied.

82. Defendants admit that Lt. Miller stated there was a new process. Any remaining allegations of this paragraph are denied.

83. Defendants admit Lt. Miller stated he was just trying to explain the ordinance. Any remaining allegations of this paragraph are denied.

84. Defendants admit Lt. Miller informed Williamson he would report back when he received a response.

85. Defendants admit Williamson was allowed to remain. Any remaining allegations of this paragraph not specifically admitted are denied.

86. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied

87. Defendants admit Lt. Miller returned with Capt. White. Any remaining allegations of this paragraph are denied.

88. Defendants are without sufficient knowledge or information to admit Williams' response or mindset; therefore, the allegations concerning same are denied. The remaining portions of this paragraph are denied as stated.

89. Defendants admit that Williamson stated his group came with less than twenty (20) people and came for one (1) hour once a month. Any remaining allegations of this paragraph are denied.

90. Defendants admit Capt. White stated Williamson could not be in the intersection. Any remaining allegations of this paragraph are denied.

91. Defendants admit Capt. White told Williamson he could not be in the intersection. Any remaining allegations of this paragraph not specifically admitted are denied.

92. Defendants admit Capt. White told Williamson he could not be in the intersection. Any remaining allegations of this paragraph not specifically admitted are denied.

93. Admitted.

94. The Defendants admit the portions of the allegation concerning Lt. White and Lt. Miller. The Defendants deny the remaining portions of this paragraph.

95. Denied as stated.

96. Defendants admit Williamson was issued a citation and asked to disperse. Any remaining allegations of this paragraph are denied.

97. Defendants admit Capt. White acknowledged there had been some complaints. Any remaining allegations of this paragraph are denied.

98. The portion quoted is part of a larger conversation and taken out of context; therefore, the allegations of this paragraph are denied.

99. Defendants admit Capt. White referred to the ordinance. Any remaining

allegations of this paragraph are denied.

100. Defendants admit that Williamson inquired as to why he was being issued a citation. Any remaining allegations of this paragraph are denied.

101. Denied.

102. Defendants admit Lt. Miller asked for information necessary for completing the citation. Any remaining allegations of this paragraph are denied.

103. Admitted.

104. Defendants admit Williamson was issued a citation and asked to disperse. Any remaining allegations of this paragraph not specifically admitted are denied.

105. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

**Confirmation of Law Requiring Permit for Small Group Speech and Ban on Williamson's Expression at the Intersection in Downtown Foley**

106. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

107. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

108. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

109. Defendants admit photographs were taken on August 16, 2014 by an officer with the City of Foley. Any remaining allegations of this paragraph are denied.

110. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

111. Defendants admit Williamson sent an email to Police Chief David Wilson dated

October 16, 2014. Said email speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

112. Defendants admit Chief Wilson responded with an email that same date. Said email speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

113. Defendants admit Chief Wilson responded with an email that same date. Said email speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

114. Defendants admit there was a pending charge against Williamson. Any remaining allegations of this paragraph not specifically admitted are denied.

115. Defendants admit there was an order on the charge against Williamson that was filed with the Plaintiff's Motion for Preliminary Injunction and said order speaks for itself. (Doc. 7-11). The remaining allegations of this paragraph are denied.

### **Continuing Adverse Impact of City Police Requiring Permit for Speech**

116. Defendants are without sufficient knowledge or information to admit the truth of the averments of this paragraph; therefore, the same are denied.

117. Denied.

118. Denied.

119. The ordinance speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

120. The ordinance speaks for itself and is pled herein as if set forth *in extenso*. Any remaining allegations of this paragraph are denied.

121. Denied.

122.     The ordinance speaks for itself and is pled herein as if set forth *in extenso*.  Any remaining allegations of this paragraph are denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

### FIRST CAUSE OF ACTION

**Violation of Freedom of Speech**

127.     Without further factual delineation, the Defendants do not have sufficient information to admit or deny this allegation as stated; therefore, same are denied.

128.     Denied

129.     Denied.

130.     Denied.

### SECOND CAUSE OF ACTION

**Violation of the Due Process Clause**

131.     Denied.

132.     Denied.

133.     Denied.

### AFFIRMATIVE DEFENSES

1.     The claims asserted against these Defendants fail to state a cause of action upon which relief can be granted.

2.     The Plaintiff does not have standing to raise all or some of the claims as alleged.

3. The actions of the City represent the enforcement of a valid content-neutral regulation.

4. The City's parade/demonstration ordinance represents a valid exercise in municipal authority.

5. The Plaintiff has failed to exhaust legitimate administrative and/or quasi-judicial remedies.

6. The claims as alleged, separately and severally, are not ripe for adjudication.

7. The claims as alleged, separately and severally, do not represent a case or controversy.

8. Defendants assert the defense of Qualified Immunity.

9. Defendants reserve the right to assert any affirmative defense that may be discovered or become applicable during the pendency of this matter.

Respectfully Submitted:

**s/Andrew J. Rutens**
ANDREW J. RUTENS  (RUTEA8549)
arutens@gallowayllp.com
ALICIA J. CORLEY  (CORLA7086)
acorley@gallowayllp.com
GALLOWAY, WETTERMARK, EVEREST
   & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251)476-4493
FX: (251)479-5566
*Attorneys for City of Foley, Alabama, David Wilson and Otis Miller*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 9th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Nathan W. Kellum, Esq.

                                                **s/Andrew J. Rutens**